**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARLENA WIGGINS,**

    **Plaintiff,**

                                              Case No. 08-14047

v.

                                              HONORABLE DENISE PAGE HOOD

**SUPERIOR WOODS HEALTHCARE**
**CENTER INC.,**

    **Defendant.**
_____/

**MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Complaint, filed on December 15, 2008. Additionally, Plaintiff's counsel filed a Motion for Withdrawal of Attorney on January 16, 2009. Plaintiff is proceeding with this action *pro se* as she filed a Response to Defendant's Motion to Dismiss on February 2, 2009, Plaintiff's counsel having failed to file any responsive pleading to Defendant's Motion to Dismiss.[1] Defendant filed a Reply on February 9, 2009. A hearing on this matter was held on March 11, 2009.

**II.    STATEMENT OF FACTS**

On September 19, 2008, Defendant removed the instant matter from Washtenaw County Circuit Court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff, Marlena Wiggins, claims that she was wrongfully discharged by her employer Superior Woods Healthcare Center, Inc., whose correct

---

[1] *See* section III.A., *infra.*

name is SCC Superior Township Operating Company, LLC d/b/a Superior Woods Health and Rehabilitation Center. Plaintiff raises the following claims: retaliation, intentional infliction of emotional distress, negligent infliction of emotional distress, discrimination on the basis of race in violation of Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*, and fraud.

Defendant hired Plaintiff on April 21, 2006 as a part-time dietary cook. Prior to commencing her employment, Plaintiff signed an Employment Dispute Resolution (EDR) Program Agreement wherein she agreed to:

> resolve all claims, controversies or disputes relating to application for employment, my employment and/or termination of employment with the Company exclusively through the Company's Employment Dispute Resolution Program. By way of example only, such claims include claims under federal, state, local statutory, regulatory or common law, such as Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act, claims for wrongful discharge, claims for public policy violations and claims under the law of contracts and the law of torts.
>
> I understand and agree that the last step of the EDR Program is final and binding arbitration by a neutral arbitrator. I understand and agree that this mutual agreement to use the EDR Program and to arbitrate claims means that the Company and I are bound to sue the EDR Program as the only means of resolving employment related disputes and to forego any right either may have to a jury trial. I further understand and agree that if I file a lawsuit regarding a dispute arising out of or relating to my application for employment, my employment or the termination of my employment, the Company may use this Agreement in support of its request to the court to dismiss the lawsuit and require me to use the EDR Program instead.

*See* Def.'s Mot. to Dismiss, Ex. B. Plaintiff signed this Agreement on April 5, 2006. *Id*. Plaintiff asserts that during her employment she performed satisfactorily. Compl., ¶ 10. Conversely,

Defendant claims that Plaintiff's employment was terminated after several disciplinary incidents.[2] *See* Def.'s Mot. to Dismiss, Ex. A.

Plaintiff submits that she was subject to a hostile work environment and retaliation for her complaints about not being hired for the full-time cook position she applied for. Compl., ¶¶ 44-51. On April 30, 2008, Plaintiff filed a formal complaint with her immediate supervisor charging her with bias and prejudice in her hiring selection of Marilyn Johnson instead of Plaintiff for the position of full-time cook. Compl., ¶18. It is Plaintiff's contention that Defendant, in retaliation for Plaintiff's complaint, made false representations as to Plaintiff's work performance, issued disciplinary write-ups that were baseless and used these disciplinary write-ups to support Defendant's termination of Plaintiff on June 18, 2008. Compl., ¶44-51.

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Motion for Withdrawal of Attorney

At the March 11, 2009 hearing, this Court granted Plaintiff's former counsel, Charles A. Zajac's, motion to withdraw from his representation of Plaintiff. Prior to granting counsel's motion, Mr. Zajac argued that the attorney-client relationship had been severed, that Plaintiff refused to follow counsel's advice, and had sought out opinions from other legal professionals. Plaintiff asserted that she did not agree with counsel's decision to withdraw, and the Court gave Plaintiff and

---

[2] On June 16, 2007, Plaintiff was disciplined for misusing company time for preparing food for personal use that she was taking to a party after work. *Id.* On October 27, 2007, Plaintiff received a disciplinary for placing unsanitary items (her homework) on the food preparation counter. *Id.* On June 2, 2008, Plaintiff was written up for failing to follow departmental rules such as dating the food that she placed in the walk-in freezer and for failing to follow meal plans for long term care residents. *Id.* Plaintiff also had absentee issues on December 23, 2006, December 25, 2006, and February 2, 2008 when she called in to report that she would not be there, but gave no reason for her inability to work. *Id.* On June 15, 2008, her last disciplinary write-up, she was cited for failing to complete her assigned tasks. *Id.*

counsel an opportunity to discuss the matter and determine if an agreement could be reached which would allow for continued representation. Plaintiff and Mr. Zajac could not reconcile their differences and the Court ultimately concluded that granting counsel's motion was in the best interests of those involved. *See* E.D. Mich. L.R. 83.30. The Court did note on the record however that counsel was dilatory in moving to withdraw and put Plaintiff's case in jeopardy in that counsel did not file a responsive pleading to Defendant's Motion to Dismiss, and waited to move to withdraw beyond the deadline for filing a responsive pleading. *See* L.R. 7.1(d)(1)(B). While Plaintiff's *pro se* responsive pleading was untimely filed, in the interests of justice, the Court has reviewed and considered Plaintiff's arguments contained therein. At the hearing, the Court also requested that counsel review the Court's rules regarding electronic filing, as well as Michigan's Rules of Professional Conduct.

**B.     Defendant's Motion to Dismiss**

Defendant brings the present motion pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction. Defendant asserts that Plaintiff signed the EDR Program Agreement agreeing to submit any disputes, arising out of her employment, or termination of employment, to arbitration**.** Defendant contends that all of Plaintiff's claims are related to Plaintiff's employment and termination of employment, as such this Court lacks subject matter jurisdiction to resolve this action.

As this 12(b)(1) motion to dismiss is not a facial attack on Plaintiff's pleadings, but rather a factual attack on the existence of subject matter jurisdiction, no presumptive truthfulness applies to Plaintiff's factual allegations. *See U.S. v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994). This Court is empowered to consider evidence "for the purpose of deciding the jurisdictional issue[;]" however,

any factual findings this Court makes are not binding on future proceedings in this matter. *Id.*

The Federal Arbitration Act ("FAA") provides that one who is aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition the U.S. District Court for an order directing that such arbitration proceed. 9 U.S.C. § 4. Section 2 of the FAA provides in pertinent part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that the district court *shall* direct parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) (citing 9 U.S.C. §§ 3-4). As a result, only generally applicable state-law contract defenses are available to a plaintiff seeking to invalidate an arbitration agreement, such as fraud, forgery, duress, mistake, lack of consideration or mutual obligation, and unconscionability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996); *Perry v. Thomas*, 482 U.S. 483, 492 n.9, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987); *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004); *Fazio v. Lehman Bros.*, 340 F.3d 386, 393-94 (6th Cir. 2003).

When construing arbitration agreements, the court presumes they are valid and enforceable. *See Shearson/AM. Exp., Inc. v. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). Arbitration agreements must be read liberally to effect their purpose. *See Green Tree Fin. Corp. -Alabama v. Randolph*, 531 U.S. 79, 89-9, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765

(1983). The court should not deny arbitration of a claim "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *See AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (internal citations omitted). A party seeking invalidation of an arbitration agreement bears the burden of providing that the arbitration provision is invalid or does not encompass the claim at issue. *See Green Tree*, 531 U.S. at 92.

Upon a motion to compel arbitration, the Court must determine whether the parties have agreed to arbitrate the dispute at issue. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). If the existence of a valid applicable arbitration agreement is not in issue, the court must compel arbitration of the matter. *Id.* If either the validity or applicability of the agreement is in issue, the court must proceed directly to the determination of that issue. *Id.* To show that either of these factors is at issue, the non movant must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate, which is the same standard used for summary judgment. *Id.*

Plaintiff's claims include the following: retaliation, intentional infliction of emotional distress, negligent infliction of emotional distress, discrimination on the basis of race in violation of Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq*., and fraud. As such, the EDR Program Agreement covers the claims that Plaintiff has raised in this matter. The relevant language of the EDR Program Agreement states that the following claims are subject to the Program: "all claims, controversies or disputes relating to application for employment, my employment and/or termination of employment" including, but not limited to: "claims under federal, state, local statutory, regulatory or common law, Title VII of the Civil Rights Act of 1964, . . . claims

for wrongful discharge, claims for public policy violations and claims under the law of contracts and the law of torts." *See* Def.'s Mot. to Dismiss, Ex. B.

Additionally, there is no basis to conclude that the FAA does not apply to the EDR Program Agreement. The Sixth Circuit narrowly construes the exclusionary clause of § 1 of the FAA, having concluded that this clause applies only to "employment contracts of seamen, railroad workers, and any other class of workers actually engaged in the movement of goods in interstate commerce in the same way that seamen and railroad workers are." *Asplundh Tree Expert Co. v. Bates*, 71 F. 3d 592, 600-01 (6th Cir. 1995); *see also Circuit City Stores v. Adams*, 532 U.S. 105 (2001) (reiterating that the Supreme Court has found that arbitration agreements are enforceable under the FAA and that such agreements do not contravene federal anti-discrimination laws. *Id.* at 123-24.) Similarly, the Michigan Court of Appeals has held that predispute arbitration "agreements are enforceable, provided that the arbitration procedures are fair and the agreement waives no substantive rights and remedies." *Rembert v. Ryan's Family Steak Houses, Inc.*, 235 Mich. App. 118, 122; 596 N.W.2d 208 (1999).

Plaintiff argues that the arbitration agreement is unenforceable because she entered into it with Mariner Healthcare and not SavaSeniorCare, an entity that merged with Mariner Healthcare, and with which Plaintiff remained employed. Additionally, Plaintiff cites federal and state cases which found that an arbitration agreement was unenforceable because it either waived substantive rights or failed to provide fair procedures. *See Rembert*, 235 Mich. App. at 125; *Hooters of Am. v. Phillips*, 173 F. 3d 933 (4th Cir. 1999); *Shankle v. B-G Maint. Mgt.*, 163 F. 3d 1230 (10th Cir. 1999); *Paladino v. Avnet Computer Tech.*, 134 F. 3d 1054 (11th Cir. 1998). Notwithstanding the holdings of the cases cited by Plaintiff, this Court cannot conclude that the arbitration provision at issue here precludes any rights or remedies provided under the applicable federal and statutory law and Plaintiff does not argue

7

otherwise.

The EDR Program Agreement states in relevant part that: "If the arbitrator decides in your favor, you can be awarded any remedy you might obtain from a court of law, including back pay, reinstatement, attorneys' feels and punitive damages."*See* Def.'s Reply to Plf.'s Resp., Ex. B, pg 9. The Michigan Court of Appeals requires the following conditions in order to find the agreement has fair procedures: (1) clear notice to the employee that he is waiving the right to adjudicate claims in a judicial forum, (2) the right to representation of counsel, (3) a neutral arbitrator, (4) reasonable discovery, such as the ability to take depositions, and (5) a fair arbitral hearing. *Rembert*, 235 Mich. App. at 161-62.

Plaintiff was fully apprised of the fact that she was waiving her right to litigate her claims before a jury. *See* Def.'s Mot. to Dismiss, Ex. B. Additionally, the EDR Program provides that Plaintiff may be represented by counsel and, in the case of discrimination claims, Plaintiff has the opportunity to be reimbursed after she pays a $50.00 deductible, up to $2,000.00 for her legal fees in a twelve month period. *See* Def.'s Reply to Plf.'s Resp., Ex. B, pg 9. Plaintiff is also required to pay a $50.00 initiation fee, but after this, the Defendant pays the rest of the administrative costs associated with arbitration, as well as the arbitrator's fees and expenses. *Id.* Both Plaintiff and Defendant select a neutral arbitrator, and if they cannot agree then the American Arbitration Association oversees the selection process. *Id.* Lastly, the EDR program provides for exchange of documents, and depositions, and testimony at the hearing is taken under oath. *Id.*[3]

---

[3] At the March 11, 2009 hearing on this matter, the Court inquired as to whether Defendant would consider Plaintiff's request for arbitration should this Court determine that Plaintiff is required to submit her claims to arbitration, as such a request by Plaintiff is most probably untimely under the EDR program rules. Accordingly, Defendant filed a Confirmation on March 16, 2009 indicating that:

As for Plaintiff's argument that the arbitration agreement is non-binding on her due to the change in entities she was employed for, the Court finds this argument lacks merit. While not directly on point, the Supreme Court in *John Wiley & Sons, Inc. v. Livingston, Pres. of Dist.65*, 376 U.S. 543 (1964), held that the disappearance by merger of a corporate employer which has entered into an agreement to arbitrate, said arbitration agreement does not necessarily terminate after the merger. *Id.* at 549-51. The Supreme Court concluded that "the duty to arbitrate survives" unless there "is a lack of any substantial continuity of identity in the business enterprise before and after a change . . . ." *Id.* at 551. There has been no evidence presented indicating that the merger of Mariner Health Care and SavaSenior Care created a lack of continuity of identity in the business' enterprise after the merger. As such, based on the fact that Plaintiff agreed to submit all of her claims relating to her employment and termination from employment to arbitration, and such arbitration does not require her to waive any substantive rights, and has fair procedures for resolution of Plaintiff's disputes, the Court finds that dismissal of this matter is appropriate.

## IV. CONCLUSION

Accordingly,

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [**Docket No. 5, filed on December 15, 2008**] is GRANTED.

IT IS FURTHER ORDERED that counsel's Motion for Withdrawal of Attorney [**Docket No.**

---

Defendant shall consider any request for arbitration submitted by Ms. Wiggins to be timely if filed: (a) within the applicable statute of limitations for that claim; or (b) within 30 days of the entry of an Order by this Court granting Defendant's Motion to Dismiss in its entirety, whichever is longer.

*See* Dkt. No. 16, ¶ 16.

**9, filed on January 16, 2009**] is GRANTED.

IT IS FURTHER ORDERED that this cause of action is DISMISSED.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: August 28, 2009

I hereby certify that a copy of the foregoing document was served upon Marlena A. Wiggins, 7228 Burgundy St., Canton, MI 48187 and counsel of record on August 28, 2009, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager
